UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ALFRED VELA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:16 CV 51 |
|  | ) |  |
| INDIANA DEPARTMENT OF | ) |  |
| CORRECTIONS, | ) |  |
| CORIZON HEALTH INC, and | ) |  |
| JOSEPH THOMPSON, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Plaintiff Alfred Vela, a prisoner represented by counsel in this matter, sued Corizon Health Inc. and Joseph Thompson,[1] claiming that he received inadequate medical care while incarcerated which lead to paraplegia. (DE # 1.) Defendants have moved for summary judgment on plaintiff's claims, solely on the basis that plaintiff has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (DE # 18.) Specifically, defendants point to plaintiff's failure to file a formal grievance with the prison before filing suit, a fact which is undisputed.

As a preliminary matter, the Seventh Circuit has clearly stated a preference for separating exhaustion inquiries from summary judgment proceedings. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). As the *Wagoner* court explained, summary

---

[1] Defendant Indiana Department of Corrections was dismissed by stipulation earlier in this lawsuit. (DE # 16.)

judgment is designed to determine whether any issues of fact must be resolved by a jury, while the issue of exhaustion is not a question for the jury, but instead is a preliminary issue for the court. *Id.* Accordingly, though defendants styled their motion as one seeking "summary judgment," the court construes it as a motion for dismissal given plaintiff's failure to exhaust administrative remedies.[2]

I. **LEGAL STANDARD**

Exhaustion is an affirmative defense, and consequently the burden of proof is on defendants. *Kaba v. Stepp,* 458 F.3d 678, 681 (7th Cir. 2006). When there are no disputed facts regarding exhaustion, only a legal question, the court may resolve the issue without a hearing. *Brown v. Korte,* No. 15-CV-3288, 2016 WL 3556992, at *2 (C.D. Ill. June 24, 2016); *Doss v. Gilkey,* 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009). However, when factual disputes exist, district courts should hold a hearing to determine whether a plaintiff has exhausted his remedies. *Pavey v.Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

In *Pavey* the Seventh Circuit set forth the following sequence to be followed when the question of exhaustion requires a hearing:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate.
>
> (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative

---

[2] For this reason, the court denies plaintiff's "Rule 56 Motion to Strike" (DE # 23), which relates to summary judgment procedures inapplicable to the current exhaustion question.

remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over.

(3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id.* at 742.

## II. DISCUSSION

In this case, there are several issues which the court can resolve based on undisputed facts as a matter of law, and one that warrants further exploration and a hearing, as explained below.

### (A) Effective Compliance Via Medical Requests

First, plaintiff argues that he effectively complied with the prison's formal grievance procedure by submitting several requests for medical treatment on a separate type of form. However, these medical requests are not grievances within the meaning of § 1997e(a). The Seventh Circuit has held: "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Burrell v. Powers,* 431 F.3d 282, 285 (7th Cir. 2005) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Neither the Supreme Court nor the Seventh Circuit has held that actions other than filing a formal

3

grievance can constitute the functional equivalent of filing a grievance, and it is undisputed that the prison in which plaintiff was housed did not allow for medical requests to substitute as grievances. Accordingly, plaintiff's argument fails. *Smith v. Wilson,* No. 3:07-CV-338-TS, 2009 WL 395187, at *3 (N.D. Ind. Feb. 13, 2009) (health care requests and classification appeals were not grievances for purposes of § 1997e(a)); *see also Guillen v. Ridley-Turner,* No. 2:05 CV 340, 2009 WL 2475267, at *2 (N.D. Ind. Aug. 10, 2009) (sending letters to jail official not functionally equivalent to filing grievance).

**(B)     Effective Compliance Via Attempts at Information Resolution**

In a variation on the same theme, plaintiff also argues that he properly followed prison procedures, because the inmate handbook he was given stated that he should pursue informal resolution of concerns, and he did so. However, the handbook states:

> The Department has a way for you to bring issues concerning you or complaints about things affecting you to staff. The way to bring these concerns or complaints to staff is through the Offender Grievance Process. The Offender Grievance Process will provide a way for you to express your concerns and complaints and have them answered by staff. The use of the Offender Grievance Process is not to take the place of you talking to staff to try to resolve your problems or concerns. You and the staff you have contact with are to work together to resolve your concerns as quickly as possible. Whenever possible, your concerns should be answered by staff without having to use the formal written grievance.

(DE # 21-2 at 25.) The handbook's discussion of informal resolution of disputes is not misleading, and does not obstruct plaintiff's knowledge of or access to the grievance process, which is also referenced in the same section. *Archibeque v. Dep't of Corr.,* No. CIVA06CV01468MSKMJW, 2007 WL 2412823, at *3 (D. Colo. Aug. 21, 2007) (case manager's encouragement of prisoner to informally resolve issue, which was in line

4

with prison administrative regulation stating that informal resolutions were preferred whenever possible, was not so unreasonable as to obstruct prisoner's ability to obtain formal relief). Therefore, the court rejects plaintiff's claim that he properly exhausted his administrative remedies by utilizing alternative resolution procedures.

**(C)    Lack of Education About Remedies**

Plaintiff also argues that he was not educated about the prison's formal grievance procedure, but this argument also fails. The statute "'says nothing about a prisoner's subjective beliefs, logical or otherwise, about administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.'" *Twitty v. McCoskey*, 226 Fed. Appx. 594, 596 (7th Cir. 2007) (quoting *Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000)); *Smith v. Corizon Med. Servs.,* No. 1:12-CV-1208-SEB-MJD, 2013 WL 2458461, at *3 (S.D. Ind. May 30, 2013); *Thomas v. Wolfe,* No. 1:12-CV-01021-RLY, 2013 WL 2149716, at *4 (S.D. Ind. May 15, 2013).

True, authorities may not establish non-exhaustion based upon an inmate's failure to follow unwritten or unavailable rules. *King v. McCarty,* 781 F.3d 889, 896 (7th Cir. 2015). However, in this case plaintiff admits to receiving a handbook generally describing the grievance procedure, and does not dispute defendants' assertion that the grievance procedure is available in the law library of the prison and available to all offenders, so any argument that the policy was unwritten or unavailable fails. *Taghon v. Euler,* No. 3:11-CV-386, 2013 WL 5603928, at *5 (N.D. Ind. Oct. 10, 2013) ("Not only was

5

Taghon oriented to the grievance process, but there was a copy that was readily available in the law library. In the event Taghon wanted a copy of the grievance process, all he needed to do was request one from the law library, which he did not do."); *Hinton v. Corr. Corp. of Am.,* 623 F. Supp. 2d 61, 64 (D.D.C. 2009) (inmate failed to exhaust administrative remedies by following grievance policy, which was summarized in inmate handbook and available in complete format in prison's law library).

**(D)    "Availability of Remedies"**

The court finds that there exist disputed issues of fact as to one of plaintiff's arguments. Plaintiff argues that he did not become aware of the severity of his condition until he was essentially made paraplegic, and that at that point the grievance system was "unavailable" to him because no remedy could be supplied through any administrative action as a result of filing a grievance. In short, plaintiff claims that once the damage was done, no further administrative remedies were available and a lawsuit for money damages was plaintiff's only remaining remedy.

Plaintiff cites two cases in support of this argument. First, in *Perez v. Wisconsin Department of Corrections,* 182 F.3d 532, 538 (7th Cir. 1999), the Seventh Circuit, in *obiter dicta*, described a hypothetical situation in which administrative remedies could conceivably be unavailable to a prisoner. The *Perez* court commented: "It is possible to imagine cases in which the harm is done and no further administrative action could supply any 'remedy.' . . . Suppose the prisoner breaks his leg and claims delay in setting the bone is cruel and unusual punishment. If the injury has healed by the time suit

6

begins, nothing other than damages could be a 'remedy' and if the administrative process cannot provide compensation then there is no administrative remedy to exhaust." *Id.* at 538.

Next, in *White v. Bukowski,* 800 F.3d 392, 395 (7th Cir. 2015), the Seventh Circuit built upon its *dicta* in *Perez* to hold that an incarcerated woman who gave birth to a baby with birth defects had no available remedies after the defects were discovered, and therefore was not required to exhaust administrative remedies before filing suit. The *White* court reasoned: "For how could a prisoner be expected to file a grievance that would be academic because no response would benefit him or her in the slightest?" However, the court went on to highlight the plaintiff's lack of awareness of her fetus's condition, explaining that "[t]he plaintiff *may have had no reason to think at the time that her medical care in the jail was seriously inadequate*, that it posed a threat to the fetus. By the time she discovered its inadequacy, or thought she had, which was when the baby was born with severe birth defects, it was too late for her to obtain a remedy of better prenatal care. . . . Likewise it was too late to request prompt transport to the emergency room for her delivery. There was no remedy within the power of the jail to grant for the baby's birth defects." *Id.* at 395 (emphasis added).

Because no discovery has occurred in this case and the sequence of events related to the development and progression of plaintiff's condition, his awareness of his condition, the information and advice he received from physicians, etc., is murky, the court finds that questions of fact prevent the court from determining as a matter of law

7

whether or not a remedy was "available" to plaintiff such that he was required to file a grievance before filing this lawsuit in light of *Perez* and *White*. In other words, viewing the evidence in a light most favorable to plaintiff, the court cannot say that defendants have met their burden of proving the availability of administrative remedies.

## III. CONCLUSION

For the foregoing reasons, and to keep summary judgment proceedings separate from *Pavey* proceedings as preferred by the Seventh Circuit in *Wagoner,* 778 F.3d at 591-92, the court **DENIES** defendants' motion for summary judgment (DE # 18) and plaintiff's related motion to strike (DE # 23).

Further, the court **REFERS** this matter to the Honorable Michael G. Gotsch, United States Magistrate Judge for this District, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and N.D. Ind. R. 72-1, to oversee preliminary discovery, if appropriate, and conduct hearings, including evidentiary hearings, on the factual questions related to exhaustion as described in Part II (D) of this opinion, and to submit proposed findings of fact and recommendations for the disposition of the issue.

**SO ORDERED.**

Date: January 24, 2017

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT