UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALFRED VELA, <br><br> Plaintiff, <br><br> v. <br><br> CORIZON HEALTH INC, JULIE KOLODZIEJ *as administrator of the estate of* DR. JOSEPH THOMPSON, <br><br> Defendants. | Case No. 3:16-CV-51 JD |

**OPINION AND ORDER**

Before the Court is Plaintiff Alfred Vela's Federal Rule of Civil Procedure 72 objection to Magistrate Judge's order [DE 126], denying Plaintiff's July 2019 motions for leave to file discovery motions [DE 92; 95] and denying Plaintiff's motion for discovery relief [DE 93] as moot. [DE 129]. Also before the Court is Defendants the Estate of Dr. Joseph Thompson and Corizon Health, Inc.'s motion for leave file an amended response to Plaintiff's objection exceeding page limits. [DE 135]. The Court grants the Defendants' motion and considers Defendants' response as attached to said motion. [DE 135-1].

The second amended complaint in this case alleges that Mr. Vela was injured while in custody at the Indiana Department of Corrections. [DE 118]. On February 1, 2014, Mr. Vela suffered an injury to his spine causing a deteriorating condition with symptoms including loss of sensation to his legs, coordination, paresthesia, and paraplegia. Mr. Vela alleges that Dr. Thompson wrongfully concluded that Mr. Vela was malingering, or misrepresenting symptoms for secondary gain. On March 4, 2014, Dr. Thompson sent Mr. Vela for a neurosurgery evaluation. On March 25, 2014, Plaintiff underwent an MRI to the middle of his back (thoracic

MRI) which showed a "severe" condition causing the need for "urgent" surgical repair. The surgical procedure took place on April 14, 2014. Mr. Vela alleges the delay in treatment caused his paraplegia.

As the Magistrate Judge sets out in his order, the Court set discovery deadlines in this case. [DE 82]. The parties timely disclosed expert reports and opinions. [DE 74; 76]. Discovery continued and on May 2, 2019—at the parties' request—the Court extended the non-expert discovery deadline to June 28, 2019, and the expert supplementation deadline until July 28, 2019. [DE 87 at 3]. The Court did not, however, extend the March 29, 2019, deadline for the filing of any motion to compel. *Id.* In fact, the Court explicitly stated that "the deadline to file any motions to compel or notice of discovery disputes passed" and "the parties must seek leave of court before filing any motions related to discovery disputes [and advised] the parties that leave is not likely to be granted without a showing of extraordinary circumstances." *Id*.

On May 5, 2019, days after the Court's order extending these certain deadlines, Dr. Thompson passed away. Defendants' counsel informed Plaintiff of Dr. Thompson's death by email on May 30, 2019. The non-expert discovery deadline passed on June 28, 2019. On July 4, 2019, Mr. Vela filed his Motion for Leave to File Plaintiff's Motion for Discovery Relief. [DE 92] and Plaintiff's proposed Motion for Discovery Relief [DE 93]. On July 19, 2019, before the expert supplementation deadline passed, Plaintiff filed another discovery-related motion entitled Motion for Leave to Disclose Additional Expert. [DE 95]. On January 27, 2021, the Magistrate Judge denied Mr. Vela's motions because he had "not established the extraordinary cause necessary to justify granting him leave to file his discovery-related motions. And even if leave were granted, his proposed motions would fail given the lack of evidence as to his own due

2

diligence throughout this litigation." [DE 126 at 6]. Mr. Vela filed his timely objection to the Magistrate Judge's order under Rule 72 and that objection is ripe for decision.

This Court's review of orders on non-dispositive matters made by magistrate judges is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) provides that, "[t]he district court judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The district court reviews the magistrate's factual determinations under the 'clear error' standard, and the legal determinations under the 'contrary to law' standard." *Lafayette Life Ins. Co. v. City of Menasha*, 2010 WL 1138973, at *1 (N.D. Ind. Mar. 17, 2010) (citations omitted), *rev'd on other grounds*, 627 F.3d 261 (7th Cir. 2010).

"The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).  In conducting this review, this Court does not ask whether the finding is the best or only permissible conclusion, nor does it substitute its own conclusions for the magistrate judge's. *Herz v. Diocese of Fort Wayne-S. Bend, Inc.*, 2012 WL 3870528, at *1 (N.D. Ind. Sept. 5, 2012). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Fedex Ground Package Sys., Inc.*, 2009 WL 5217341, at *3 (N.D. Ind. Dec. 28, 2009) (citation omitted). "[D]eference is particularly appropriate where, as here, the magistrate judge has managed the

case from the outset and developed a thorough knowledge of the proceedings." *Goodman v. Clark*, No. 2:09 CV 355, 2014 WL 5502258, at *4 (N.D. Ind. Oct. 29, 2014) (internal quotations omitted). The district court exercises broad discretion in determining whether to compel discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

In Mr. Vela's Motion for Leave to File Plaintiff's Motion for Discovery relief, he sought to issue four supplemental interrogatories and to allow him to conduct any additional depositions he might deem necessary after review of Defendants' supplemental interrogatory responses. [DE 93]. Mr. Vela also moved for leave to disclose an additional expert. [DE 95]. In this motion, Mr. Vela reported his intention to serve a supplemental opinion from his previously disclosed expert, Dr. Shicker,[1] and also asked for leave to serve an expert report from a previously undisclosed expert, Dr. Robert Beatty, because of Dr. Thompson's death as well as discovery and evidentiary gaps. He also argued that Dr. Beatty would also be a rebuttal witness to the opinions of Defendants' expert, Dr. Boody. The Magistrate Judge noted that as extraordinary cause to support Mr. Vela's request, he cited (1) the prejudice he would suffer in making his claims as the result of Dr. Thompson's death; (2) Defendants' disclosure of 23 previously undisclosed trial witnesses on April 11, 2019; (3) Defendants' alleged spoliation of emails related to Plaintiff's medical care; and (4) Defendants' alleged failure to disclose Dr. Michael Mitcheff's involvement in and awareness of Plaintiff's medical condition in their interrogatory responses. The Magistrate Judge held that Mr. Vela had not established extraordinary cause necessary to justify leave to file his proposed motion for discovery relief or to disclose an additional expert.

---

[1] The Defendants did not object to the timely production of Dr. Shicker's supplemental expert report.

4

The Magistrate Judge's order reasoned that Mr. Vela had "not established the extraordinary cause necessary to justify leave to file." [DE 126 at 3]. Mr. Vela objects to this finding, arguing that the Magistrate Judge misapplied the standard of review because he heighted the standard from "good cause" to "extraordinary cause." Fed. R. Civ. P. 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted). "In other words, in order to demonstrate 'good cause' a party must show that despite their diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

It is not clear to the Court what standard of review the Magistrate Judge used in reaching his decision. The Court acknowledges that throughout the order the phrases "due diligence," "extraordinary cause," and "extraordinary circumstances" are used interchangeably. While the diligence of the party seeking an amendment must be the Court's primary focus, the Magistrate Judge's reliance and emphasis on "extraordinary cause" when Rule 16 provides a "good cause" standard leaves the Court uncertain as to what standard was applied. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("[T]he primary consideration for district courts is the diligence of the party seeking amendment."). Therefore, the Court concludes when employing the contrary to law standard for misapplying a rule of procedure, the undersigned cannot fully assess the correctness of the Magistrate Judge's ruling without the application of the correct standard. And given the discussion, the Court is not convinced that the proper standard was employed.

Accordingly, the Court finds that Mr. Vela's objection to the Magistrate Judge's order [DE 126] is SUSTAINED as the use of an extraordinary cause standard when applying Rule 16 is contrary to law. [DE 129]. The Court SETS ASIDE the order so that the Magistrate Judge can review the discovery motions [DE 92, 93, 95] under the proper standard. Once this has been addressed, the undersigned would then be in a position to adequately review the magistrate's decision pursuant to 28 U.S.C. § 636(b)(1)(A), should either counsel file a motion to review.

SO ORDERED.

ENTERED: October 7, 2021

        /s/ JON E. DEGUILIO
Chief Judge
United States District Court