UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALFRED VELA,

    Plaintiff,

    v.

CORIZON HEALTH INC,
And JULIE KOLODZIEJ, Administrator of
the Estate of Dr. Joseph Thompson,

    Defendant.

Case No. 3:16-CV-51 JD

## OPINION AND ORDER

Plaintiff Alfred Vela has filed an objection, pursuant to Federal Rule of Civil Procedure 72, challenging an order of the Magistrate Judge in this case (DE 139). The Magistrate Judge's order (DE 138) denied Mr. Vela's motions for leave to file discovery (DE 92, 95) and denied his motion for discovery relief (DE 93) as moot. For the reasons set forth in this order, the objection will be overruled.

**A. Background**

Mr. Vela alleges that he was injured while in the custody of the Indiana Department of Corrections. Mr. Vela further alleges those injuries were exacerbated by the failure of his treating physician, Dr. Thompson, and his employer, Corizon Health, Inc., to provide proper medical treatment (DE 118). Mr. Vela specifically alleges that in February 2014, he suffered an injury to his spine causing a deteriorating condition with symptoms including loss of sensation to his legs, coordination, paresthesia, and paraplegia. Mr. Vela alleges that Dr. Thompson wrongfully concluded that he was malingering, or misrepresenting symptoms for secondary gain. On March 4, 2014, Dr. Thompson sent Mr. Vela for a neurosurgery evaluation. On March 25, 2014, Mr.

Vela underwent an MRI to the middle of his back (thoracic MRI) which showed a "severe" condition causing the need for "urgent" surgical repair. The surgical procedure took place on April 14, 2014. Mr. Vela alleges this delay in treatment caused his paraplegia.

As is standard practice, the Magistrate Judge set discovery deadlines in this case (DE 82). The parties timely disclosed expert reports and opinions (DE 74; 76). Discovery continued and on May 2, 2019—at the parties' request—the Court extended the non-expert discovery deadline to June 28, 2019, and the expert supplementation deadline until July 28, 2019 (DE 87 at 3). The Court did not, however, extend the March 29, 2019, deadline for the filing of any motion to compel (*Id.*).

On May 5, 2019, days after the Court's order extending these deadlines, Dr. Thompson passed away. Defendants' counsel informed Mr. Vela of Dr. Thompson's death by email on May 30, 2019. The non-expert discovery deadline passed on June 28, 2019. On July 4, 2019, Mr. Vela filed his Motion for Leave to File Plaintiff's Motion for Discovery Relief (DE 92) and Plaintiff's proposed Motion for Discovery Relief (DE 93). On July 19, 2019, before the expert supplementation deadline passed, Plaintiff filed another discovery-related motion entitled Motion for Leave to Disclose Additional Expert (DE 95).

On January 27, 2021, the Magistrate Judge denied Mr. Vela's motions (DE 126). Mr. Vela filed a timely objection to the Magistrate Judge's order under Rule 72 which this Court sustained (DE 137). This Court then set aside the Magistrate Judge's decision for entry of a new decision (*Id.*). The Magistrate Judge entered a new decision on December 10, 2021, denying the motions as Mr. Vela had not "demonstrated the diligence in discovery necessary to justify a finding of good cause to extend the discovery deadlines further and grant leave to file his proposed Motion for Discovery Relief or to disclose an additional expert." (DE 138 at 7–8). Mr.

Vela then filed a timely objection to that decision which is now fully briefed and ripe for adjudication (DE 139).

### B. Standard of Review

This Court's review of magistrate judges' orders on non-dispositive matters is governed by Federal Rule of Civil Procedure 72(a). Rule 72(a) provides that, "[t]he district court judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The district court reviews the magistrate's factual determinations under the 'clear error' standard, and the legal determinations under the 'contrary to law' standard." *Lafayette Life Ins. Co. v. City of Menasha*, 2010 WL 1138973, at *1 (N.D. Ind. Mar. 17, 2010) (citations omitted), *rev'd on other grounds*, 627 F.3d 261 (7th Cir. 2010).

"The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). In conducting this review, this Court does not ask whether the finding is the best or only permissible conclusion, nor does it substitute its own conclusions for the magistrate judge's. *Herz v. Diocese of Fort Wayne-S. Bend, Inc.*, 2012 WL 3870528, at *1 (N.D. Ind. Sept. 5, 2012). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Fedex Ground Package Sys., Inc.*, 2009 WL 5217341, at *3 (N.D. Ind. Dec. 28, 2009) (citation omitted).

"[D]eference is particularly appropriate where, as here, the magistrate judge has managed the case from the outset and developed a thorough knowledge of the proceedings." *Goodman v. Clark*, No. 2:09 CV 355, 2014 WL 5502258, at *4 (N.D. Ind. Oct. 29, 2014) (internal quotations omitted). The district court exercises broad discretion in determining whether to compel discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

## C. Discussion

### *(1) Issues raised before the Magistrate Judge*

In Mr. Vela's first motion, he sought to issue four supplemental interrogatories and permission to conduct any additional depositions he might deem necessary after reviewing the answers to those interrogatories (DE 93).[1] Mr. Vela claimed these interrogatories and depositions were needed in light of Dr. Thompson's death and because the Defendants allegedly disclosed twenty-three new witnesses late in the discovery period. Mr. Vela also filed a second motion, seeking leave to disclose an additional expert witness (DE 95). As relevant here, Mr. Vela asked to serve a report from previously undisclosed expert Dr. Robert Beatty. Mr. Vela sought this relief because of Dr. Thompson's death and because he allegedly discovered new and material facts in the course of conducting his other discovery.[2] Mr. Vela also argued he should be allowed this additional discovery as the Defendants did not provide all relevant discoverable communications, and because Dr. Beatty would serve as a rebuttal witness to Defendants' expert Dr. Boody.

---

[1] The proposed interrogatories principally request the Defendants to provide additional detail or new information about the communications Dr. Thompson had regarding Mr. Vela's care in an effort to identify a new group of witnesses who could comment on Mr. Thompson's thoughts and actions regarding that care (DE 93 at 11–12).

[2] The Court need not address the other issue raised in this motion, serving a supplemental opinion from the previously disclosed expert Dr. Shicker, which the Defendants do not oppose (DE 138 at 7).

In his December 10, 2021, order denying these motions, the Magistrate Judge concluded that Mr. Vela had not demonstrated due diligence sufficient to establish the good cause necessary under Federal Rule of Civil Procedure 16 to justify granting his motions. Fed. R. Civ. P. 16(b)(4).

Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." *Id.* "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (internal citation omitted). "In other words, in order to demonstrate 'good cause' a party must show that despite their diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995) (internal citation omitted).

### *(2) Issues raised in the objection*

Mr. Vela argues the Magistrate Judge's decision was clearly erroneous and that he should be granted additional discovery for four reasons: (1) the Magistrate Judge erred in concluding Mr. Vela did not establish sufficient diligence in his review of the medical records, (2) the Magistrate Judge erred by finding the Defendants did not violate their Rule 26 disclosure obligation by disclosing 23 new witnesses in April 2019, (3) the death of Dr. Thompson created a need for additional discovery to fill gaps in the records his testimony would have filled, and (4) the revelation of new facts during discovery also merits the need for additional discovery.[3] The Court discerns no clear error by the Magistrate Judge and will overrule the objection.

---

[3] The Court notes that Mr. Vela does not object to the Magistrate Judge's finding he would not allow the new expert, Dr. Beatty, to serve as a rebuttal witness, and that Mr. Vela did not establish that the Defendants' withheld emails during discovery. Accordingly, any challenge to these portions of the Magistrate Judge's order is waived. *See Davis v. Kayira*, 938 F.3d 910, 917 (7th Cir. 2019) ("Rule 72(a) requires an objection to nondispositive orders within 14 days and itself bars further review of untimely objections").

*(a) The Magistrate Judge did not clearly err in his finding regarding Mr. Vela's diligence*

The Court begins with the Magistrate Judge's finding that Mr. Vela did not establish he was diligent in his review of the medical records. The Magistrate Judge's key finding was that Mr. Vela would have detected the names of twenty of the twenty-three alleged new witnesses from a thorough review of the medical records as their names were in those records and the records were available to him since near the beginning of the sixteen-month discovery period (DE 138 at 8). Consequently, the Magistrate Judge concluded Mr. Vela could not claim surprise or the need for additional discovery based on the "disclosure" of individuals whom he could have learned of from the records that were in his possession for some time.

Mr. Vela argues this conclusion is clear error due to the complexity of the medical record which frustrated his diligent review. In particular he points to the fact that both his own and the Defendants' experts had "great difficulty in deciphering Dr. Thompson's medical chart" (DE 139 at 7). Mr. Vela, however, overstates the issues with the medical record and attempts to stretch an issue concerning a discrete portion of time to cover the entire record.

The parties' experts agree that the medical records contain a gap from March 25, 2014, to April 10, 2014, and they are unable to conclude what Dr. Thompson was doing during that time (DE 93-6, DE 95-2 at 3). However, they only identify an issue with this narrow period. The experts do not speak of broader issues with the comprehensibility of the medical records and Mr. Vela does not allege any. As Mr. Vela does not explain how the existence of this narrow gap precluded him from discovering the names of additional witnesses in the overall medical record, he has not shown how the existence of this gap undermines the Magistrate Judge's conclusion. Nor does he identify why the existence of this gap should leave the Court with "'the definite and

6

firm conviction that a mistake has been committed'" by the Magistrate Judge. *Pinkston*, 440 F.3d at 888 (quoting *Anderson*, 470 U.S. at 573).

Accordingly, the Court finds no clear error in the Magistrate Judge's finding that Mr. Vela did not establish sufficient diligence to constitute good cause which would merit further discovery.

*(b) The Magistrate Judge did not clearly err in finding the Defendants complied with their Rule 26 disclosure obligations*

Mr. Vela also argues that the Defendants' disclosure of "23 new witnesses" violates their obligations under Federal Rule of Civil Procedure 26, and, in lieu of sanctions, the Magistrate Judge should have permitted his additional interrogatories. This argument is without merit.

Rule 26 requires "a party to disclose the name of 'each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . .'" *King v. Ford Motor Co.*, 872 F.3d 833, 838 (7th Cir. 2017) (citing to Fed. R. Civ. P. 26(a)(1)(A)(i)). However, according to the Defendants, twenty of those twenty-three individuals were not intended to be disclosed as witnesses; rather that list was merely a restatement of a group of individuals listed in the previously produced medical records who may have discoverable information. The Defendants indicate they provided this list as a good faith response to a request from Mr. Vela's counsel, but they accidentally used language indicating the listed individuals were "expected to testify" in their April 11, 2019, filing. They corrected this mistake in an amended filing on April 29, 2019, which indicates the individuals "may have discoverable information" (DE 141 at 11; *compare* DE 93-7 at 6 *with* DE 94-2 at 2).

Mr. Vela oddly does not address this claim in his reply brief despite renewing his Rule 26 argument and even emphasizing the word "witness" in his restatement of the Rule (DE 144 at 3). Based on this decision to not engage with the Defendants' arguments and the support for the Defendants' position in the record, the Court finds Mr. Vela has not established the disclosure of these individuals violated their Rule 26 obligations. Accordingly, the Court concludes the Magistrate Judge did not clearly err in determining the Defendants complied with their Rule 26 obligations.

Further, even if these twenty individuals were subject to Rule 26 the Court would find their late disclosure harmless. *See King*, 872 F.3d at 838 ("The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.") As previously mentioned, the Magistrate Judge found the names of these individuals appeared in the medical records that were produced over a year prior to their alleged disclosure in April 2019. The Magistrate Judge reasoned that this presence in the medical records put Mr. Vela on notice of these individuals' existence. Mr. Vela has not disputed this finding by the Magistrate Judge. Consequently, Mr. Vela has not established why the Defendants referring to them in the April 2019 filing would constitute unfair surprise.

Regarding the three individuals not previously mentioned in the medical records, Mr. Vela does not meaningfully dispute the Magistrate Judge's conclusion that their disclosure does not merit further discovery. The Magistrate Judge found these three individuals are intended as rebuttal witnesses to address potential arguments related to Corizon's policies and procedures. The Magistrate Judge also concluded that any concern about surprise at trial regarding these witnesses was unfounded. The Magistrate Judge reached this conclusion on the grounds that Mr. Vela, by not clarifying the scope of his arguments related to Corizon's policies and procedures,

made it necessary for the Defendants to prepare for any potential argument by having these witnesses available. Mr. Vela's brief does not raise any argument targeting this conclusion and thus the Court has no basis to doubt the Magistrate Judge's finding. Consequently, the Court discerns no clear error and will conclude the disclosure of these three witnesses to be harmless or justified even if it ran afoul of Rule 26.

*(c) The Magistrate Judge did not err in finding the death of Dr. Thompson did not establish good cause for further discovery*

In regard to the death of Dr. Thompson, the Magistrate Judge reasoned that the prejudice of his death was "equivocal, evenly spread amongst the parties, and does not warrant further discovery efforts to mitigate" (DE 138 at 8).

Mr. Vela argues this was clear error as the prejudice was not evenly spread given the parties have different burdens of proof and he is placed at a relative disadvantage. Specifically, he argues that the gap in the medical records, which could only be filled by Dr. Thompson's testimony, creates a crucial hole in his case which may cause him to lose. Mr. Vela is correct inasmuch as the parties have different burdens of proof, but incorrect in arguing that this fact alone creates the need for additional discovery.

The plaintiffs always carry the burden of proof to establish their case, and that burden exists regardless of the quality of the record. Further, the parties are in the same position relative to the evidence, with a noticeable gap in the record and unable to ask Dr. Thompson to fill it in. As previously discussed, neither party's expert witness could fill in the gap in the medical records. Crucially, the Court would note it is an assumption that Dr. Thompson's testimony would actually fill this gap, given there is no evidence in the record suggesting what his testimony would have been or that he recalled his actions on the dates in question.

Additionally, Mr. Vela argues that the death of Dr. Thompson should be treated like a spoliation claim, where a party may craft a reasonable remedy when material evidence is removed from a case. While the Court is sympathetic to Mr. Vela's desire to obtain a substitute for the missing testimony of Dr. Thompson, the spoliation analogy is rather odd given it implies the Defendants are culpable for the loss of Dr. Thompson's testimony. Further, the analogy is ultimately unavailing as Mr. Vela has simply not explained how his proposed additional discovery would serve as a substitute for Dr. Thompson's personal knowledge which has been lost.

The Court will also note it is doubtful Mr. Vela can establish good cause given his lack of diligence in conducting discovery with Dr. Thompson. Mr. Vela twice scheduled depositions with Dr. Thompson, in February 2019 and March 2019, that would have allowed him to ask the doctor to fill in this evidentiary gap. However, Mr. Vela cancelled both depositions in order to pursue additional discovery. Mr. Vela has not argued that he was unable to take a meaningful deposition on either of these dates. Therefore he has not established that these delays were necessary or that he diligently pursued the testimony of Dr. Thompson. As such, it is not clear from the record that Mr. Vela established sufficient diligence in his discovery efforts to constitute good cause and merit further discovery.

In sum, Mr. Vela has not established that the death of Dr. Thompson unfairly prejudiced him, that his proposed additional discovery would fill the evidentiary gap Dr. Thompson's death created, or that he otherwise merits the additional discovery being sought. Accordingly, the Court discerns no clear error by the Magistrate Judge in denying further discovery.

*(d) The Magistrate Judge did not err in concluding the discovery of any "new evidence" during timely depositions did not merit admission of a new expert past the deadline*

Mr. Vela argues that he should be allowed to submit his proposed new expert as he discovered new facts as a result of timely depositions taken from Dr. Mitcheff and Fatima Agemy. The Magistrate Judge found these revelations did not merit additional discovery as the delayed revelation of this information was of the Plaintiff's own making and indicated a lack of diligence. Specifically, the depositions of Dr. Mitcheff and Ms. Agemy were conducted in June 2019, late in the discovery period, despite Dr. Mitcheff and Ms. Agemy being identified in the records produced early in this case. Mr. Vela does not dispute the Magistrate Judge's reasoning or conclusion, but instead asserts the Magistrate Judge did not address the existence of the new facts (DE 139 at 12). As previously mentioned however, the Magistrate Judge does recognize Mr. Vela's claim and properly notes the dispositive issue is Mr. Vela's diligence in conducting discovery to find these new facts (DE 138 at 9). Without Mr. Vela's meaningful response indicating why his actions should be considered diligent, the Court discerns no clear error by the Magistrate Judge.

Further, the Court would note that while Mr. Vela argues his late disclosure of the new expert is justified by the new facts, he never develops this claim beyond a conclusion. Mr. Vela simply does not explain why these new facts require a new expert witness. The closest he comes is indicating that the new facts are incorporated in the new expert, Dr. Beatty's, report (DE 139 at 11 n.7). At best, this seems to be circular reasoning that the new facts merit an additional expert because the new expert relies on the new facts for his opinion. At no point does Mr. Vela explain that an expert is needed to interpret these facts or otherwise render the facts usable in

11

litigation. Accordingly, the Court discerns no clear error by the Magistrate Judge in denying Mr. Vela's motion for a new expert.

**D. Conclusion**

Accordingly, the Court OVERRULES Mr. Vela's objection (DE 139) to the Magistrate Judge's order denying his discovery motions (DE 92, 93, 95).

SO ORDERED.

ENTERED: May 18, 2022

                                              /s/ JON E. DEGUILIO
                                              Chief Judge
                                              United States District Court